UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIMON FINGER, M.D. | CIVIL ACTION |
| VERSUS | NO: 17-2893 |
| HARRY JACOBSON ET AL. | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 37). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Simon Finger is an orthopedic surgeon who alleges that he was fraudulently misled by Defendants to sell his private practice and join the Louisiana Heart Hospital, LMCHH PCP, LLC, (the "Hospital") as an employee. Plaintiff's Complaint alleges that Defendant MedCare Investment Corporation ("MedCare") is a private equity firm that held an investment interest in Defendant Cardiovascular Care Group, Inc. ("CCG"). CCG is a healthcare company that indirectly owns the Hospital. Defendant Harry Jacobson is the chairman of MedCare, and Defendants Steve Johnson and Douglas Koppang

1

are executives at CCG.  Plaintiff alleges that Jacobson, Johnson, and Koppang made intentional and fraudulent misrepresentations regarding MedCare and CCG's financial situations and commitments to the Hospital in order to induce him to join the Hospital.  In reliance on their statements, Plaintiff signed a seven-year contract with an annual salary of $1.3 million plus production bonuses. Plaintiff thereafter "shut down his private practice, divested his interest in [an unrelated] surgical hospital and [] physical therapy clinic, and sold his medical equipment and supplies to the Hospital. On May 1, 2016, he reported to work at the Hospital as an employee."[1]

In late August 2016, Koppang informed Plaintiff that CCG had decided to stop supporting the Hospital and that the Hospital would be shut down if it could not find a buyer. Plaintiff's Complaint states that thereafter Jacobson told Plaintiff that MedCare would guarantee his income stream for the life of his contract, however, the documentation promised was never provided. Plaintiff alleges that he sustained damages for his justifiable reliance on the intentional and fraudulent misrepresentations of Jacobson, Johnson, and Koppang. He alleges that MedCare and CCG are vicariously liable for the fraudulent misrepresentations of their agents.

The Hospital is not a party to this action and is a chapter 11 debtor in bankruptcy court (the "Hospital's Bankruptcy Action"). On June 29, 2017, the Hospital filed a Chapter 11 plan of liquidation, which included a provision outlining a settlement with its employees ("the Plan"). Specifically, the Plan

---

[1] Doc. 1-2.

states that it "proposes to resolve all Employee Claims against the Debtors and the Employee Released Parties" by "compromise and settlement of each and every Claim that an Employee may have against the Debtors and the Employee Released Parties in exchange for the payment to the Employee of the Employee Settlement Amount."[2] The Plan defined "Employee Released Parties" as "CCG and MedCare and each of their Affiliates and subsidiaries, and their respective shareholders, partners, members, agents, advisors, officers, directors, attorneys, insurers, and employees."[3] Plaintiff did not opt out of the settlement and received and deposited a check for $9,837.89.

Defendants now claim that the employee settlement in the Hospital's Bankruptcy Action acts to bar Plaintiff's claims here. Defendants have moved for summary judgment on the basis of res judicata.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

---

[2] Doc. 37-7.
[3] Doc. 37-7.
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

---

[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

"When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law."[12] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[13] For a claim to be barred by the doctrine of res judicata, the following requirements must be met: (1) the parties must be identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded by a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions.[14] Defendants argue that all of these requirements are satisfied here and that Plaintiff's claims should be barred. This Court finds Defendants' arguments disingenuous at best.

It cannot be seriously argued that the Hospital's Bankruptcy Action addressed the same causes of action at issue here. Defendants argue that because the language of the Plan settling employee claims against the Hospital and "Employee Related Parties" could arguably encompass the claims at issue here, then the "same claim or cause of action" prong is satisfied. To the contrary, "res judicata bars all claims that were or could have been advanced

---

[12] Rabo Agrifinance, Inc. v. Terra XXI, Ltd., 583 F.3d 348, 353 (5th Cir. 2009).
[13] Retractable Techs., Inc. v. Becton Dickinson & Co., 842 F.3d 883, 898 (5th Cir. 2016).
[14] Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 467 (5th Cir. 2013).

in support of the cause of action on the occasion of its former adjudication."[15] The claims at issue here were neither brought in the Hospital's Bankruptcy Action nor could they have been. Plaintiff has not brought any claims against the Hospital and could not have brought his claims against Defendants, non-debtors, in the Hospital's Bankruptcy Action.

The Fifth Circuit advises that when considering this prong, the Court should focus on "whether the cases are based on the same nucleus of operative facts."[16] The operative facts of the Hospital's Bankruptcy Action involve its financial situation and the claims of its creditors. The operative facts in this matter involve actions taken by agents of Medcare and CCG in employing Plaintiff at the Hospital. Defendants cannot show how these two actions share a common nucleus of operative facts. Indeed, Defendants spend the bulk of their Motion interpreting the general language of the Plan and arguing that it clearly and unambiguously releases and resolves Plaintiff's claims here. Defendants do not, however, identify how Plaintiff's claims were or could have been adjudicated in the Hospital's Bankruptcy Action. In fact, the Plan identified the claims expressly contemplated in the employee settlement as claims for paid days off; claims relating to the medical plan, various employee agreements, and programs; and claims under the Louisiana Wage Payment law and the WARN Act.[17] Accordingly, Defendants have failed to show at least one of the requirements necessary to bar Plaintiff's claims under the doctrine

---

[15] Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co., 40 F. Supp. 3d 817, 826 (S.D. Tex. 2014) (internal quotations omitted).
[16] Retractable Techs., Inc. v. Becton Dickinson & Co., 842 F.3d 883, 899 (5th Cir. 2016).
[17] Doc. 37-7.

of res judicata. Defendants' Motion does not assert any additional grounds for summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 22nd day of February, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**