UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIMON FINGER, M.D. | CIVIL ACTION |
| VERSUS | NO. 17-2893 |
| HARRY R. JACOBSON, M.D., ET AL. | SECTION "H" (3) |

ORDER

On May 1, 2019, Defendants' Motion to Compel and the Issuance of Sanctions Pursuant to Rule 37(e) and Request for Expedited Consideration [Doc. #75] came on for oral hearing before the undersigned. Present were Joseph Bruno on behalf of plaintiff and Jonathan Moore on behalf of defendants. After the oral hearing, the Court took the motion under advisement. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Quickbooks**

With regard to the issue of the production of the Quickbooks, that issue is now moot as plaintiff has produced them, and defendants have been able to access them.

**II.   The Expert Report's Books**

Defendants also seek three books on which Finger's expert relied. They ask that they be provided the books for one week for a limited review. Finger responded that it is not feasible for his expert to provide the books, and defendants – or any forensic CPA – can obtain them as they are in the public domain. Finger did produce copies of the pages that the expert cited in his reports. Notwithstanding that the books are in the public domain, the courts in this district find that a party must produce them if they are non-privileged and even if they are in the public domain. *See Benson v. Rosenthal*, Civ. A. No. 15-782, 2016 WL 1046126, at \*\*3-4 (E.D. La. Mar. 16, 2016); *State Nat'l Ins. Co. v. Setton Towing, L.L.C*, Civ. A. No. 07-4230, 2010 WL 11541773, at \*7 (E.D. La.

May 21, 2010). Accordingly, plaintiff shall respond to this request to the extent that his expert has the books in his possession and shall provide them to defendants for one week for limited review.

### III.     Privilege Log

With regard to the privilege log from Conrad Meyer and while Meyer does not represent Finger in this proceeding, there are ample allegations in the record that Meyer represented Finger – at least to some extent – in his negotiations with Louisiana Heart Hospital ("LHH"). Any privilege log from Meyer is, therefore, relevant to the claims and defenses asserted in this lawsuit. The privilege log is also proportional to the needs of the case given the parties' relevant access to the requested materials. Fed. R. Civ. P. 26(b)(1) (considering "the parties' relative access to relevant information"). There is no argument that Finger does not have control over his own records even if they are in possession of his former counsel. The privilege log may also aid in resolving the issues in this litigation, and the burden or expense does not outweigh its likely benefit. *See id*. While Meyer has intimated that he may need to charge a fee to confect a privilege log, neither party has informed the Court (1) whether any documents exist that were actually withheld, or (2) the numerosity of said documents. The parties do not address any of the other proportionality factors under Rule 26, and there is thus no evidence of them before the Court.

The privilege log is also proportional in that the negotiations with LHH are germane to the instant proceedings. *See id.* Accordingly, to the extent that Finger has withheld any documents between him or Meyer that are responsive to any of defendants' document requests, plaintiff shall produce those documents to defendants. If Finger has withheld no documents from him or Meyer, he shall simply say so.

2

## IV. Spoliation

Defendants allege that after filing this lawsuit on February 1, 2017, Finger and/or his assistant contacted his email service provider and requested that all emails more than seven (7) days old be deleted on an ongoing basis. Accordingly, on or about February 18, 2017, all emails relevant to Finger's claims, including potential correspondence regarding his frame of mind at the time of the negotiations and about the divestiture of his various investments, were purged from Finger's email account.

Defendants complain that Finger never instituted a litigation hold, never retained potentially responsive electronically-stored information (importantly, emails), destroyed, and/or continuously purged emails, and defendants have had to rely on piecing together their own electronic discovery to determine who, if anyone, may continue to possess potentially responsive emails related to Finger's correspondence regarding his transition from private practice to the LHH, the sales of his investments, his involvement in the bankruptcy proceeding, and his negotiations with Slidell Memorial Hospital.

After Finger informed defendants that he does not maintain an email archive, defendants propounded Interrogatory No. 21, asking Finger to "describe in detail the circumstances underlying Finger's representation that he has no access to emails from the relevant time period" and asked Finger to (i) identify what he claims to be the relevant time period, (ii) the date Finger first tried to obtain and/or locate responsive emails, (iii) the actions Finger has taken to obtain and/or locate responsive emails in this case, (iv) the date Finger first learned that he did not have access to emails and/or that emails were not recoverable, and (v) to describe why, to the best of

Finger's understanding, his emails are not recoverable, and (vi) to identify the potentially responsive emails that Finger cannot locate. Defendants ask the Court to give an adverse presumption related to the emails, or, at the very least, sanction Finger.

Finger alleges that the basis for the "missing emails" is that Finger received a communication from his email server that informed him that his email box had very little storage capacity left in it. Because Finger's work server was not keeping pace with his email capacity, he asked his assistant to fix the problem. The assistant made a change to the IT settings which apparently auto-deleted seven-day old emails for a period of time. Finger maintains that he is a physician, not an IT professional. He argues that to meet the requirements for sanctions under Rule 37(e), defendants must prove that (1) the information should have been preserved in anticipation or conduct of litigation; (2) that defendants are prejudiced from the loss of information; or (3) that Finger intended to deprive the defendants of the information for use in litigation. He maintains that defendants have proven none of these necessary elements.

Rule 37(e) provides for sanctions in response to a failure to preserve electronically stored information:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the jury;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(1)-(2).

"Spoliation of evidence is the 'destruction or the significant and meaningful alteration of evidence.'" *Guzman v. Jones*, 807 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 312 (S.D. Tex. 2010)). For the spoliation of evidence doctrine to apply, the movant must prove two elements: "(1) that the party having control over the evidence had a duty to preserve the evidence at the time it was destroyed; and (2) that the destruction of evidence was intentional." *Garnett v. Pugh*, Civ. A. No. 14-479, 2015 WL 1245672, at *4 (E.D. La. Mar. 18, 2015). "A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Ralser v. Winn Dixie Stores, Inc.*, 309 F.R.D. 391, 396 (E.D. La. 2015). "The duty to preserve material evidence arises not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was imminent." *Dixon v. Greyhound Lines, Inc.*, Civ. A. No. 13-179, 2014 WL 6087226, at *1 (M.D. La. Nov. 13, 2014).

In order to sanction a party for spoliation of evidence, the party who destroyed evidence must have a "culpable state of mind." *Premier Dealers, Inc. v. Duhon*, Civ. A. No. 12-1498, 2013 WL 6150602, at *5 (E.D. La. Nov. 22, 2013) (citing *SJS Distrib. Servs., Inc. v. Sam's East, Inc.*, No, 11 cv 1229, 2013 WL 5596010, at *3 (E.D.N.Y. Oct. 11, 2013)). Culpability is not established by any bright line test, but rather, analyzed on a case-by-case basis. *Id.* Therefore, culpability ranges from bad faith or intentional destruction of evidence by a party, to the gross negligence of a party to preserve evidence once the party knew or should have known that litigation was imminent. *See Yelton v. PHI, Inc.*, 279 F.R.D. 377, 391 (E.D.La.2011).

While the Court finds that Finger should have preserved the emails because he knew that litigation had commenced – indeed, he filed the suit – the Court finds that defendants have not shown prejudice or bad faith.  Finger had been contacted by his email server to inform him that his capacity to receive emails was running low, and he simply asked his assistant to fix the issue. There is no evidence before the Court that Finger's attempt to remedy his email storage issue was an attempt to deprive defendants of the information's use in the litigation. Fed. R. Civ. P. 37(e)(2). Moreover, while defendants maintain vague allegations of prejudice, there is no evidence before the Court that the emails were relevant or proportional to this litigation.  For all the Court can divine, the emails may have pertained only to the scheduling of appointments or treatment questions from a patient. Evidently, Finger's assistant had access to the account, and this Court does not even know if the account itself was personal. Given the severity of the penalties for spoliation, much more is needed to receive an adverse inference or any other form of sanctions. Accordingly, the Court will deny this request.

**IT IS ORDERED** that Defendants' Motion to Compel and the Issuance of Sanctions Pursuant to Rule 37(e) and Request for Expedited Consideration [Doc. #75] is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART as outlined above.  Finger shall comply with this Order **no later than seven (7) days from its date**.

New Orleans, Louisiana, this 9th day of May, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**