UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIMON FINGER, M.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-2893** |
| **HARRY JACOBSON ET AL.** | **SECTION: T(3)** |

## ORDER

Before the Court is a Motion for Summary Judgment[1] and reply brief[2] filed by Harry R. Jacobson, M.D. ("Jacobson"), Douglas L. Koppang, Jr. ("Koppang"), Steven T. Johnson ("Johnson"), MedCare Investment Fund V, L.P. ("MedCare", incorrectly named MedCare Investment Corporation) and Cardiovascular Care Group, Inc. ("CCG") (collectively, "Defendants"). Simon Finger, M.D. ("Plaintiff") has filed an opposition.[3] For the following reasons, the motion for summary judgment is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This action involves claims that Defendants intentionally and fraudulently induced Plaintiff into joining the Louisiana Heart Hospital, LMCHH PCP, LLC, (the "Hospital") as an employee.[4] Plaintiff alleges that he was operating a profitable private practice as an orthopedic surgeon in 2015 when Defendants began recruiting him to join the Hospital.[5] MedCare is a private equity firm

---

[1] R. Doc. 77.
[2] R. Doc. 98.
[3] R. Doc. 94.
[4] R. Doc. 1-2, ¶9.
[5] R. Doc. 1-2, ¶¶8-9.

1

that holds an investment interest in CCG, a health care company that indirectly owns the Hospital.[6] Jacobson is the chairman of MedCare, and Johnson and Koppang are executives at CCG.[7]

Plaintiff alleges that Jacobson, Johnson, and Koppang made intentional and fraudulent misrepresentations regarding MedCare and CCG's financial situations and commitments to the Hospital in order to induce him to join the Hospital.[8] In reliance on their statements, Plaintiff signed a seven-year contract with an annual salary of $1.3 million plus production bonuses.[9] Plaintiff thereafter "shut down his private practice, divested his interest in [an unrelated] surgical hospital and [ ] physical therapy clinic, and sold his medical equipment and supplies to the Hospital. On May 1, 2016, he reported to work at the Hospital as an employee."[10]

In late August 2016, Koppang informed Plaintiff that CCG decided to stop supporting the Hospital and that the Hospital would be shut down if it could not find a buyer.[11] Jacobson told Plaintiff that MedCare would guarantee his income stream for the life of his contract, however, the documentation promised was never provided.[12] Plaintiff alleges that he sustained damages for his justifiable reliance on the intentional and fraudulent misrepresentations of Jacobson, Johnson, and Koppang.[13] He alleges that MedCare and CCG are solidarily liable for the fraudulent misrepresentations of their agents.[14] Defendants now move for summary judgment asserting Plaintiff's claims are based exclusively on statements concerning future events which do not give rise to a claim for fraud as a matter of law.[15]

---

[6] R. Doc. 1-2, ¶¶3-4.
[7] R. Doc. 1-2, ¶¶5-7.
[8] R. Doc. 1-2, ¶¶11-15.
[9] R. Doc. 1-2, ¶14.
[10] R. Doc. 1-2, ¶16.
[11] R. Doc. 1-2, ¶17.
[12] R. Doc. 1-2, ¶19.
[13] R. Doc. 1-2, ¶¶24-26.
[14] R. Doc. 1-2, ¶26.
[15] R. Doc. 77-1, pp.3-4.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[18] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[19] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[20]

Plaintiff brings claims for negligent and intentional misrepresentations made by Defendants.[21] The elements of intentional misrepresentation under Louisiana law are: (1) a misrepresentation of a material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury.[22] The elements of negligent representation under Louisiana law are: (1) the defendant, in the course of its business or other matters in which it had pecuniary interest,

---

[16] Fed. R. Civ. P. 56(a).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[18] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[20] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[21] R. Doc. 1-2.
[22] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 627 (5th Cir. 1999); *Abell v. Potomac Ins. Co*., 858 F.2d 1104, 1131 n. 33 (5th Cir.1988); *Ballard's Inc. v. North American Land Development Corp*., No. 28,437–CA (La. App. 2 Cir. 6/26/96), 677 So.2d 648, 651; *Pittman v. Piper*, 88–2162 (La. App. 4 Cir. 4/13/89), 542 So.2d 700, 702; *Deville v. Leonards,* 457 So. 2d 311, 313 (La. Ct. App. 1984)).

supplied false information, (2) the defendant had a legal duty to supply correct information to the plaintiff, (3) the defendant breached its duty, which can be breached by omission as well as by affirmative misrepresentation, and (4) the plaintiff suffered damages or pecuniary loss as a result of his justifiable reliance upon the omission or affirmative misrepresentation.[23]

Defendants argue that they are entitled to summary judgment because statements concerning future events are not actionable.[24] Defendants point to the complaint's allegations that Defendants indicated the Hospital was "on the right trajectory," "intended to add an imaging and surgery center," and that MedCare "had extremely deep pockets."[25] Defendants also cite Plaintiff's deposition testimony wherein Plaintiff testified that some of the complaint's allegations amounted to promises of future conduct.[26]

Plaintiff contends that future promises to perform are actionable when the promisor intended not to perform at the time of making the promise and that Defendants made numerous misrepresentations concerning current events.[27] Plaintiff cites, for example, Defendants' representations regarding losses at the Hospital in response to Plaintiff's January 31, 2016 inquiry and representations made when discussing whether MedCare and CCG was considering selling the Hospital while recruiting Plaintiff.[28]

To the extent Defendants made representations to Plaintiff about the present state of the Hospital, such representations are statements of fact relating to present events giving rise to Plaintiff's claims under Louisiana law. The Court finds that there are material facts in dispute

---

[23] *LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 464 (5th Cir. 2008)(*citing Sys. Eng'g and Sec., Inc. v. Sci. & Eng'g Asscs., Inc.,* 962 So.2d 1089, 1092 (La.Ct.App., 4th Cir. 2007)).
[24] R. Doc. 77-1, pp.3-4.
[25] R. Doc. 77-1, p.2.
[26] R. Doc. 77-1, pp.2-3.
[27] R. Doc. 94, pp.12-17.
[28] R. Doc. 94, pp. 13-15.

regarding Plaintiff's claims based on misrepresentation. Accordingly, summary judgment is not appropriate as to Plaintiff's intentional and negligent misrepresentation claims.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment is **DENIED.**

**New Orleans, Louisiana**, on this  18th  day of September, 2019.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**